FILED & JUDGMENT ENTERED
Steven T. Salata

Mar 31 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CAROLINA SLEEP SHOPPE, LLC,** | ) | Case No. 13-32346 |
| | ) | |
| Debtor. | ) | |

### ORDER ON REJECTION OF EXECUTORY CONTRACTS AND NON-RESIDENTIAL REAL ESTATE LEASES

This cause came before the Court on February 26, 2014 and March 12, 2014, upon the *Debtor's Motion to Reject Executory Contracts and Non-Residential Real Estate Leases* (the "Motion"), [Doc. 45], filed by debtor and debtor in possession Carolina Sleep Shoppe, LLC (the "Debtor"). SAM University Pointe LLC, as assignee of TKC University Center, LLC ("SAM UP"), and Inland American Monroe Poplin, L.L.C. ("Inland") filed separate limited objections to the Motion. [Docs. 50, 53]. The Debtor filed a separate response to each of SAM UP's and Inland's limited objections. [Docs. 56, 57]. Based upon a review of the record, the submissions of the parties, and the arguments of counsel before the Court on February 26, 2014, the Court finds and concludes as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor is a licensed retailer of Serta and Tempur-Pedic brand mattresses and bedding.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court on November 4, 2013 (the "Petition Date"). As of the Petition Date, the Debtor operated 16 retail store locations and three warehouse facilities in the Charlotte, Triad, and Raleigh areas of North Carolina.

4. The Debtor filed the Motion on January 10, 2014. Due and proper notice of the Motion was provided to all interested parties.

5. A hearing on the Motion was originally scheduled for January 29, 2014, but inclement weather on that date as well as on the re-scheduled hearing date of February 12, 2014 resulted in the Court cancelling all scheduled hearings on such dates and ultimately hearing the Motion, along with the argument of the Debtor in support thereof and the arguments of SAM UP and Inland in support of their respective limited objections thereto, on February 26, 2014. The Court provided the parties with an oral ruling on the Motion on March 12, 2014, which ruling is evidenced by this Order.

6. In the Motion, the Debtor seeks to reject certain executory contracts as described in Exhibit A thereto (collectively, the "Contracts"), which description is incorporated herein by reference.

7. The Debtor also seeks to reject 10 unexpired nonresidential real estate leases as described in the Motion (each a "Lease" and, collectively, the "Leases"), which descriptions are similarly incorporated herein by reference. SAM UP and Inland are the landlord-counterparties under two of the 10 unexpired leases.

8. The Debtor seeks to reject the Contracts and the Leases in the exercise of its reasonable business judgment.

9. The Debtor notified the counterparties to many of the Leases of its intent to reject the same in writing on an *ex parte* basis after the Petition Date and prior to the filing of the Motion. In the Motion, the Debtor seeks to reject each Lease retroactively to the date the Debtor provided such *ex parte* notice to the corresponding counterparty to such Lease.

10. The Debtor provided *ex parte* notice to SAM UP on November 18, 2013 in the form of e-mail correspondence from an employee of the Debtor to an employee of SAM UP. In the correspondence, the Debtor stated that it had vacated the premises and that counsel to the Debtor had sent a letter to SAM UP indicating the Debtor's intent to reject its Lease with SAM UP. SAM UP did not receive such letter, but nevertheless had notice of the Debtor's intent to reject its Lease as of November 18, 2013.

11. The Debtor provided *ex parte* notice to Inland on December 17, 2013 in the form of a letter from its counsel to Inland's counsel in which it stated that the Debtor had vacated the premises and noted its intent to reject its Lease with Inland.

12. SAM UP and Inland timely objected to the Debtor's Motion and argued that the Debtor's request for an order allowing the Motion and approving rejection of their respective Leases retroactive to a date prior to the entry of such order is not appropriate under 11 U.S.C. § 365 and applicable case law. (None of the eight other landlord-counterparties affected by the Motion filed objections.) Both SAM UP and Inland argued that, absent extraordinary circumstances, the appropriate date for rejection of their Leases is the date of the Court's order approving rejection since the Court's approval of rejection is a condition precedent to its effectiveness. They further argued that, in the limited situations where extraordinary

3

circumstances do exist, the Court may enter an order approving a retroactive date for rejection that is, at most, no earlier than the date of the Motion. In contrast, the Debtor argued that it is appropriate for the Court to equitably deem the Leases retroactively rejected upon the date of notice of surrender to the applicable counterparties.

13. The Debtor, SAM UP and Inland cited numerous cases in support of their respective arguments regarding the issue of whether the Court has the ability to enter an order making the effective date of rejection retroactive to a date earlier than the date of the entry of such order. None of the litigants, however, presented to the Court a controlling decision on this issue from the U.S. Court of Appeals for the Fourth Circuit (or a published decision from the lower courts within its jurisdiction).

14. The Court agrees with the arguments of SAM UP and Inland that the Court's approval of rejection is a condition precedent to the Debtor's rejection of its Leases with SAM UP and Inland. Such position is consistent with the reasoning of the U.S. Court of Appeals for the First Circuit in *Thinking Machines Corporation v. Mellon Financial Services Corporation (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1025 (1st Cir. 1995), in which it held that "we believe that section 365(a) is most faithfully read as making court approval a condition precedent to the effectiveness of a trustee's rejection of a nonresidential lease."

15. The Court is, however, a court of equity. Accordingly, though its equitable power is not unlimited, the Court may, in suitable cases, order rejection to operate retroactively. This is also consistent with the First Circuit's decision in *Thinking Machines*, in which it stated, in *dicta*, that its decision on the precise issue before it in such case does not "preclude[ ] a bankruptcy court, in an appropriate section 365(a) case, from approving a trustee's rejection of a nonresidential lease retroactive *to the motion filing date*." *Id.* at 1028 (emphasis added). The

4

Court finds that the present case is such an appropriate case as it pertains to the effective date of rejection of the Leases of SAM UP and Inland for two reasons.[1]  First, SAM UP and Inland were on formal notice as of the date the Debtor filed the Motion that their respective Leases were to be rejected.  Second, the Court's delay in hearing and ruling on the Motion is attributable to uncontrollable, unusual and untimely bouts of inclement weather, rather than any unnecessary delay by the Debtor.  Therefore, the Leases of SAM UP and Inland are deemed rejected effective as of January 10, 2014, which is the date on which the Debtor filed the Motion with the Court.[2]

16. It is in the best interests of the estate and its creditors to reject the Contracts and Leases, to allow the Debtor to successfully reorganize its obligations, eliminate unsustainable expenses, and continue the operation of its business from its financially viable locations. Rejection of the Contracts and Leases is beneficial to the Debtor's estate.

17. The Debtor's decision to reject the Contracts and Leases is not the product of any bad faith or gross abuse of discretion, and the same should be approved.

18. In the exercise of its equitable authority and considering the circumstances of the case at bar, the Leases shall be deemed rejected on the specific dates set forth below:

| Counterparty | Leased Property | Rejection Date |
|---|---|---|
| Inland American Monroe Poplin, LLC | 2807 West Hwy 74, Monroe, North Carolina | 1-10-14 |
| RM Promenade at Concord Mills, LLC | 8455 Pit Stop Court NW, Concord, North Carolina | 12-17-13 |
| Callicott/Moore Battleground Limited Partnership | 2310 Battleground Ave., Greensboro, North Carolina | 12-17-13 |
| SAM University Pointe LLC | 5700 University Pointe Blvd., Charlotte, | 1-10-14 |

---

[1] The other eight landlords, having not objected to the Motion, are deemed to have consented to the Debtor's request for retroactive effectiveness of rejection to the date each such landlord received *ex parte* notice from the Debtor informing it of the Debtor's intent to reject its corresponding Lease.

[2] The Court reiterates, however, that in most situations the effective date of rejection of a nonresidential real property lease pursuant to 11 U.S.C. § 365 is the date of the entry of the order authorizing the debtor's rejection of such lease.

| | North Carolina | |
|---|---|---|
| K.E.G., LLC | 4212-D West Wendover Ave., Greensboro, North Carolina | 11-15-13 |
| ZP NO. 171, LLC | 1562A Highwoods Blvd., Greensboro, North Carolina | 11-15-13 |
| L.E. Pope Building Co., Inc. | 1319 and 1321 S. Park Dr., Greensboro, North Carolina | 11-15-13 |
| Raleigh Portfolio NW, LLC | 1100 Corporation Parkway, Raleigh, North Carolina | 11-15-13 |
| Regency Centers, LP | 7629-C Pineville Matthews Road, Charlotte, North Carolina | 12-31-13[3] |
| Achieve Fitness, LLC | 1319 and 1321 S. Park Dr., Greensboro, North Carolina | 11-15-13 |

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Motion is granted in part and denied in part as set forth herein;

2. The Contracts are rejected under 11 U.S.C. § 365(a);

3. The Leases are rejected under 11 U.S.C. § 365(a) as of the specific dates set forth in Paragraph 18, above;

4. Any personal property of the estate left in the properties subject to the Leases as of the date of rejection is deemed abandoned, and the applicable landlord may dispose of such personal property without (i) liability to any third party claiming an interest in such abandoned property or waiver of any claims against the estate therefor and (ii) waiver of the Debtor's defenses to such claims;

5. Counterparties to the Contracts or Leases shall have thirty (30) days from entry of this Order to file rejection claims against the estate;

6. The Debtor shall serve a copy of this Order upon the appropriate parties in interest within three (3) days after its entry and shall file a certificate of service specifying the manner and method of service; and

---

[3] The Debtor and Regency Centers, LP stipulated at the hearing in this matter that the rejection of their lease would be deemed effective as of December 31, 2013.

7. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

| | |
|---|---|
| This Order has been signed electronically.<br>The Judge's signature and Court's seal<br>appear at the top of this Order. | United States Bankruptcy Court |